David J. McGlothlin, Esq. (SBN: 026059)
David@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiff
Katia S. Coury

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Katia S. Coury | **Case Number:** |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Simm Associates Inc. | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Katia Coury, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Simm Assocaites Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Mesa, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Newark, the County of New Castle, and the State of Delaware.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before September 2010, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before September 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before September 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about September 2010, Defendant called Plaintiff's daughter in an attempt to reach Plaintiff in an attempt to collect the alleged debt.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

23. During this conversation, Defendant's agent was made aware they were speaking to Plaintiff's daughter and not Plaintiff.

24. The number called has never been associated with Plaintiff in any way.

25. During this conversation, Defendant's agent discussed Plaintiff's account with Plaintiff's daughter in great detail.

26. Plaintiff's daughter is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

27. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and failed to identify himself, or state that was is confirming or correcting location information concerning the consumer, or identified his employer without express request. Consequently, Defendant violated 15 U.S.C. § 1692b(1).

28. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2).

29. During this conversation, Defendant left "a message" with Plaintiff's daughter to call Defendant back, and left Defendant's phone number.

30. Leaving a message and call back number with an unauthorized party is not a permitted contact described in 15 U.S.C. § 1692b, and therefore Defendant violated 15 U.S.C. § 1692b.

31. Due to Defendant's abusive actions concentrated in a short amount of time, caused Plaintiff to suffer actual damages in the form of mental anguish manifesting in symptoms including but not limited to: stress, anxiety, nervousness, feelings of helplessness, fear of answering the telephone, embarrassment and humiliation greatly affecting her personal relationships.

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

35. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

36. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

37. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## TRIAL BY JURY

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: November 22, 2010                    **Hyde & Swigart**

By:  /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff